(Reap. Dec. 10689)

AUTHENTIC FURNITURE PRODUCTS *v.* UNITED STATES

Entry No. 8792, etc.

(Decided February 27, 1964)

*Stein & Shostak* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1. That the merchandise covered by the appeals for reappraisement enumerated in the attached Schedule of Cases, manufactured by Otsubo Kogyo, consists of wall shelves and other wood furniture, and that, at the time of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature

and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values, net packed.

2. That all the merchandise covered by the appeals for reappraisement was entered subsequent to February 27, 1958.

3. That the merchandise the subject of this stipulation is not included in the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Sec. 6(a) of the Customs Simplication Act of 1956, Public Law 927, 84th Congress, and that said merchandise is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Simplification Act of 1956.

4. That the merchandise and issues involved herein are the same in all material respects as those in *Authentic Furniture Products* v. *United States*, Reappt. No. R61/23233, etc., 51 Cust. Ct. 438, Reap. Dec. 10614, decided October 30, 1963 and that the record in said case may be incorporated with the record herein.

5. That the appeals for reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts and following the cited decision on the law, I find that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is statutory export value and hold that such value therefor is the invoice unit values, net, packed.

Judgment will be rendered accordingly.